## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | | |
|---|---|---|
| JANDON ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| | ) | No.: 2:16-CV-76-RWS-JCF |
| BANKS COUNTY, | ) | |
| GEORGIA, and DEIDRA MOORE, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT
## FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, Ms. Jandon Allen ("Plaintiff" or "Ms. Allen") submits the following Complaint for Damages and Equitable Relief against Defendants Banks County, Georgia ("Banks County") and Deidra Moore:

## INTRODUCTION

1.

This is an employment case arising from Defendant Banks County's disability discrimination, failure to provide reasonable accommodation, retaliation, and violation of the Plaintiff's statutory right to take disability leave from work because of a serious health condition. Ms. Allen was a dedicated employee of the Banks County Department of Public Safety, but suffered from a mental health disorder that required inpatient psychiatric treatment and medication. She was wrongfully fired within days after taking a protected medical leave of absence.

Together with Defendant Moore, Banks County also violated the statutory and common law privacy rights of Ms. Allen.

2.

Plaintiff asserts claims under the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. § 12112 *et seq.* ("ADAAA"), the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA"), and the common law of Georgia. She seeks back pay and lost economic benefits of her employment, liquidated damages, reinstatement or front pay in lieu of reinstatement, compensatory and punitive damages, and her reasonable attorney's fees and costs.

**JURISDICTION AND VENUE**

3.

Plaintiff's claims present federal questions over which this Court has jurisdiction pursuant to 28 U.S.C. § 1331, § 1343(a), 29 U.S.C. § 2617(a)(2), and 42 U.S.C. § 2000e-5(f)(3). This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.

The violations of Plaintiff's rights occurred in the Northern District of Georgia. Venue is proper under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b) and (c), as every act of which Plaintiff complains occurred in the Gainesville Division of the United States District Court for the Northern District of Georgia.

## PARTIES

5.

Plaintiff Ms. Jandon Allen is a citizen of the United States residing in Banks County in the State of Georgia. At all relevant times, Plaintiff was employed by Defendant Banks County as a 911 Emergency Operator.

6.

Defendant Banks County, Georgia is subject to the jurisdiction of this Court. Banks County may be served with process by personally serving the Chairman of the Banks County Board of Commissioners at 150 Hudson Ridge, Suite One, in Homer, Georgia 30547.

7.

Defendant Deidra Moore was at all times relevant hereto an employee of Banks County and served as Director of Banks County E-911 and Emergency Management Agency Director. She may be served with process at herresidence in Banks County.

8.

At all relevant times, Defendant Moore was acting in the course and scope of her employment and Banks County is vicariously liable for her conduct and actions under a theory of respondeat superior.

9.

Defendant Banks County is an employer within the meaning of the ADAAA, 42 U.S.C. § 12111(5), and the FMLA, 29 U.S.C. §2611(4)(A)(ii)(I).

10.

At all times while Plaintiff was employed by Defendant Banks County, there were 50 or more employees employed by Banks County within 75 miles of her primary worksite located in Banks County, Georgia. 29 U.S.C. § 2611(2)(B)(ii).

11.

Plaintiff is an "employee" as defined by the ADAAA, and an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A).

12.

Plaintiff is a "qualified individual with a disability" as that term is used and defined by the ADAAA, 42 U.S.C. § 12102(1) and § 12111(8).

## ADMINISTRATIVE PROCEEDINGS

13.

Plaintiff timely filed a charge of discrimination against Defendant Banks County with the United States Equal Employment Opportunity Commission ("EEOC"), a true and accurate copy of which is attached hereto as Exhibit A.

14.

Plaintiff incorporates herein by reference her charge of discrimination as if set forth fully herein.

15.

Plaintiff received the Notice of Right to Sue from the EEOC within the last (90) days, a true and accurate copy of which is attached hereto as Exhibit B, and has complied with all other conditions precedent to the assertion of her claims under the ADAAA in this lawsuit.

## FACTS

16.

Ms. Allen was hired as a part time operator in the E-911 and Emergency Management Agency ("E-911") department of Defendant Banks County in March 2008.

17.

In July 2012, Ms. Allen became a full time employee with Banks County.

18.

Ms. Allen suffers from the mental illnesses of anxiety and depression, bipolar disorder, and post-traumatic stress disorder ("PTSD"), as well as migraines.

19.

Ms. Allen was not diagnosed with bipolar disorder and PTSD until 2014.

20.

In July 2013, Plaintiff was diagnosed with uterine and cervical cancer and required to undergo a partial hysterectomy. She requested leave from Banks County under the FMLA in order to undergo surgery and recuperate.

21.

Ms. Allen was granted short term disability benefits in August 2013 following a 14 day "elimination period" during which no benefits were available, and then returned to work on August 22, 2013.

22.

In late 2013 and early 2014, Ms. Allen's anxiety and depression worsened, and she suffered anxiety attacks and headaches, as well as other physical and mental impairments, including memory loss and physical weakness.

23.

On February 28, 2014, Ms. Allen experienced an especially severe migraine that required her to leave work.

24.

Ms. Allen visited a doctor in connection with the migraine headache she suffered on February 28, 2014, and received medication for her migraine and documentation from her doctor that excused her absence from work for three days.

25.

In February 2014, Ms. Allen was given a verbal warning regarding "excessive absenteeism," including the time for which she had requested and received FMLA and short term disability benefits.

26.

The verbal warning Ms. Allen received in February 2014 was also based on other absences for which she properly requested and received paid time off.

27.

On March 27, 2014, Ms. Allen's husband, Mt. Airy Police Chief Cory Allen, went to the emergency room with chest pains and Ms. Allen swapped her shift with another employee so that she could be with her husband.

28.

On March 28, 2014, Ms. Allen's husband was still hospitalized and she arranged to have her shift covered.

29.

On March 29, 2014, Ms. Allen experienced a severe anxiety attack and depressive episode that required her to be committed for psychiatric treatment.

30.

Ms. Allen's husband contacted Banks County and informed them that he was having her committed.

31.

As a result of her anxiety attack and depressive episode, Ms. Allen was committed to the Peachford Behavioral Health Center ("Peachford") on March 30, 2014.

32.

Ms. Allen requested and took leave under the FMLA in order to receive inpatient psychiatric treatment at Peachford and outpatient therapy from Cornerstone Counseling Services ("Cornerstone") in White County, Georgia thereafter.

33.

While receiving treatment through Peachford and Cornerstone, Ms. Allen was prescribed Zoloft and Seroquel to treat her symptoms.

34.

During her FMLA leave, Defendant Moore told several of Ms. Allen's fellow employees that she was having mental health issues, was committed to Peachford, had attempted suicide, and that she was going to be fired.

35.

Ms. Allen returned to work at Banks County on April 15, 2014

36.

However, Ms. Allen experienced complications upon her return to work due to the medication prescribed to control her disability, including dizziness and extreme drowsiness.

37.

Ms. Allen communicated to Defendant Moore the fact that her medication was causing her complications and requested to answer telephone calls as opposed to working on the radio and dispatch, but Moore denied the request.

38.

On April 19, 2014, Ms. Allen again brought her concerns regarding the effects of her new medication to her immediate supervisor, Rhonda Savage.

39.

On April 20, 2014, while at work, Ms. Allen experienced another severe episode of anxiety and depression which included hallucinations.

40.

Ms. Allen's husband took her from work to the emergency room, where her doctors determined that the episode was caused by the medication Zoloft.

41.

Ms. Allen's doctors directed her at that time to cease taking Zoloft, which she did, and since that time, she has not had a recurrence of the symptoms she suffered on April 20, 2014.

42.

Ms. Allen was scheduled to return to work in E911 on April 23, 2014.

43.

Ms. Allen was able to return to work and perform her job on April 23, 2014 and she intended and desired to do so.

44.

Ms. Allen informed Defendants of what her doctors told her, that the episode on April 20, 2014 was caused by a bad reaction to the Zoloft medication, that she was directed to cease taking Zoloft and this would  remedy her condition, and that she would return to work for her scheduled shift on April 23, 2016.

45.

On April 22, 2014, Defendant Banks County terminated Ms. Allen's employment rather than permit her to return to work.

46.

Very soon after the termination of her employment, Ms. Allen's doctors changed her medication to aripoprazole, also known as Abilify, which has resulted in the successful management of the symptoms of her mental health conditions.

## COUNT I

### INTERFERENCE WITH FMLA LEAVE
### *(Against Defendant Banks County)*

47.

Plaintiff incorporates each and every preceding paragraph herein by reference as if set forth fully herein.

48.

Ms. Allen was an eligible employee who was entitled to a total of 12 workweeks of leave because of her own serious health condition within the meaning of 29 U.S.C. § 2612(a)(1)(D).

49.

By terminating Ms. Allen's employment when she was entitled to take additional leave under 29 U.S.C. § 2612(a)(1)(D), and by counting her absences from work which were protected under the FMLA as a negative against her, among other actions, Defendant Banks County interfered with and prevented Ms. Allen from exercising the rights provided to her under the FMLA.

50.

The actions of Defendant Banks County in interfering with Ms. Allen's leave under the FMLA were committed with reckless disregard for her right to take up to 12 workweeks of leave time because of her serious health condition and in violation of 29 U.S.C. § 2612(a)(1)(D).

51.

The effect of the actions of Defendant Banks County has been to deprive Ms. Allen of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits as a result of her right to leave under the FMLA.

52.

Accordingly, and because the violations of the FMLA committed by Defendant Banks County, Ms. Allen is entitled to both equitable and monetary relief pursuant to 29 U.S.C. § 2617(a)(1)(A) and (B), including, but not limited to, back pay and other lost economic benefits of employment, reinstatement or front pay in lieu of reinstatement, and reasonable attorney's fees and costs of litigation.

53.

Ms. Allen is also entitled to liquidated damages for the willful violation of her rights under the FMLA. 29 U.S.C. § 2617(a)(1)(A)(iii).

## COUNT II

### RETALIATION IN VIOLATION OF THE FMLA
*(Against Defendant Banks County)*

54.

Plaintiff incorporates each and every preceding paragraph herein by reference as if set forth fully herein.

55.

Ms. Allen was an eligible employee who was entitled to a total of 12 workweeks of leave because of her own serious health condition within the meaning of 29 U.S.C. § 2612(a)(1)(D).

56.

By terminating Ms. Allen' employment because she exercised and attempted to exercise rights under 29 U.S.C. § 2612(a)(1)(D), Defendant Banks County retaliated against Ms. Allen because of her exercise of rights under the FMLA.

57.

Defendant's actions in retaliating against Ms. Allen because she exercised and attempted to exercise rights under the FMLA were committed with reckless disregard for her right to take up to 12 workweeks of leave time because of her own serious health condition, and in violation of 29 U.S.C. § 2612(a)(1)(D).

58.

The effect of Defendant's actions has been to deprive Ms. Allen of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits because she exercised FMLA rights.

59.

Accordingly, and because the violations of the FMLA committed by Defendant Banks County, Ms. Allen is entitled to both equitable and monetary relief pursuant to 29 U.S.C. § 2617(a)(1)(A) and (B), including, but not limited to, back pay and other lost economic benefits of employment, reinstatement or front pay in lieu of reinstatement, and reasonable attorney's fees and costs of litigation.

60.

Ms. Allen is also entitled to liquidated damages for the willful violation of her rights under the FMLA. 29 U.S.C. § 2617(a)(1)(A)(iii).

## COUNT III

**DISABILITY DISCRIMINATION IN VIOLATION OF THE ADAAA**
***(Against Defendant Banks County)***

61.

Plaintiff incorporates each and every preceding paragraph herein by reference as if set forth fully herein.

62.

At all relevant times, Defendant has been subject to the requirements of Title I of the Americans with Disabilities Act as amended by the ADAAA.

63.

At all times relevant, Ms. Allen was an individual with a disability as defined by the ADAAA, 42 U.S.C. § 12102(1), inasmuch as she had mental and physical impairments that substantially limited one or more major life activities, she had a record of such impairments, and she was regarded as a person with such impairments.

64.

At all relevant times, Ms. Allen was been a qualified individual with a disability as that term is defined by 42 U.S.C. § 12111(8), and she was able to perform the essential functions of her job with or without a reasonable accommodation.

65.

Defendant intentionally discriminated against Ms. Allen by subjecting her to adverse employment actions including, but not limited to, the denial of a requested reasonable accommodation and the termination of her employment, because of her disabilities.

66.

Defendant Banks County violated Ms. Allen's rights under the ADAAA, 42 U.S.C. § 12112, by discriminating against her on the basis of her disabilities.

67.

As a direct and proximate result of Defendant's intentional discrimination, Ms. Allen has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other job related benefits, including social security, all in an amount to be established at trial.

68.

Defendant's actions have caused and will continue to cause Ms. Allen to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, all in an amount to be established at trial.

69.

Defendant's actions were undertaken intentionally, willfully, and maliciously with respect to, or with reckless disregard for, Ms. Allen's federally protected rights, and she is therefore entitled to punitive damages.

70.

Ms. Allen is entitled to be reinstated to employment by Defendant, and, if reinstatement is not feasible, she is entitled to an award of damages for future lost wages and benefits of employment.

## COUNT IV

### FAILURE TO ACCOMMODATE
*(against Defendants Banks County)*

71.

Plaintiff incorporates each and every preceding paragraph herein by reference as if set forth fully herein.

72.

At all relevant times, Defendant has been subject to the requirements of Title I of the Americans with Disabilities Act as amended by the ADAAA.

73.

At all times relevant, Ms. Allen was an individual with a disability as defined under the ADAAA, 42 U.S.C. § 12102(1), inasmuch as she had mental and physical impairments that substantially limited one or more major life activities, she had a record of such impairments, and she was regarded as a person with such impairments.

74.

At all relevant times, Ms. Allen has been a qualified individual with a disability as that term is defined by 42 U.S.C. § 12111(8), and able to perform the essential functions of her job with or without a reasonable accommodation.

75.

Defendant intentionally discriminated against Ms. Allen by failing and refusing to accommodate her requests for reasonable accommodation, including but not limited to, a leave of absence for psychiatric treatment and to adjust to her medications, and by terminating her after she experienced complications arising from the treatment of her disabilities.

76.

Defendant's actions amount to a violation of 42 U.S.C. § 12112(a)-(b)(5)(A), which prohibits discrimination on the basis of disability in the form of not making reasonable accommodations for disabilities.

77.

As a direct and proximate result of Defendant's intentional discrimination and failure and refusal to accommodate Ms. Allen, she has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other job related benefits, including social security, all in an amount to be established at trial.

78.

Defendants' actions have caused and will continue to cause Ms. Allen to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

79.

Defendant's actions were undertaken intentionally, willfully, and maliciously with respect to, or with reckless disregard for, Ms. Allen's federally protected rights, and she is therefore entitled to punitive damages.

80.

Ms. Allen is entitled to be reinstated to employment by Defendant, and, if reinstatement is not feasible, she is entitled to an award of damages for future lost wages and benefits of employment.

## COUNT V

### RETALIATION IN VIOLATION OF THE ADAAA
### *(against Defendant Banks County)*

81.

Plaintiff incorporates each and every preceding paragraph herein by reference as if set forth fully herein.

82.

At all relevant times, Defendant has been subject to the requirements of Title I of the Americans with Disabilities Act as amended by the ADAAA.

83.

At all times relevant, Ms. Allen was an individual with a disability as defined under the ADAAA, 42 U.S.C. § 12102(1), , inasmuch as she had mental and physical impairments that substantially limited one or more major life activities, she had a record of such impairments, and she was regarded as a person with such impairments..

84.

At all relevant times, Ms. Allen has been a qualified individual with a disability as that term is defined by 42 U.S.C. § 12111(8), and able to perform the essential functions of her job with or without a reasonable accommodation.

85.

Defendant intentionally discriminated against Ms. Allen by failing and refusing to accommodate her requests for reasonable accommodation, including but not limited to, a leave of absence for psychiatric treatment and to adjust to her medications, and by terminating her after she experienced complications arising from the treatment of her disabilities.

86.

Defendant's actions amount to a violation of the ADAAA, which prohibits retaliation because an individual requests a reasonable accommodation or seeks to exercise rights under the Act. 42 U.S.C. § 12203.

87.

As a direct and proximate result of Defendant's unlawful retaliation against Ms. Allen, she has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other job related benefits, including social security, all in an amount to be established at trial.

88.

Defendants' actions have caused, continue to cause, and will cause Ms. Allen to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

89.

Defendant's actions were undertaken intentionally, willfully, and maliciously with respect to, or with reckless disregard for, Ms. Allen's federally protected rights, and she is therefore entitled to punitive damages.

90.

Ms. Allen is entitled to be reinstated to employment by Defendant, and, if reinstatement is not feasible, she is entitled to an award of damages for future lost wages and benefits of employment.

21

## COUNT VI

**PROHIBITED DISCLOSURES IN VIOLATION OF THE ADAAA**
*(against Defendant Banks County)*

91.

Plaintiff incorporates each and every preceding paragraph herein by reference as if set forth fully herein.

92.

At all relevant times, Defendant has been subject to the requirements of Title I of the Americans with Disabilities Act as amended by the ADAAA.

93.

At all times relevant, Ms. Allen was an individual with a disability as defined under the ADAAA, 42 U.S.C. § 12102(1), inasmuch as she had a physical or mental impairment that substantially limited one or more major life activities and/or had a record of such an impairment.

94.

At all relevant times, Ms. Allen has been a qualified individual with a disability as that term is defined by 42 U.S.C. § 12111(8), and able to perform the essential functions of her job with or without a reasonable accommodation.

22

95.

Defendants engaged in unlawful disclosures of her confidential medical information in violation of the ADAAA, 42 U.S.C. § 12112(4)(C), by disclosing her mental health condition and the treatment she was receiving to others and without necessity or justification under the law or Ms. Allen's consent.

96.

Defendant's actions have caused and will continue to cause Ms. Allen to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, all in an amount to be established at trial.

97.

Defendant's actions were undertaken intentionally, willfully, and maliciously with respect to, or with reckless disregard for, Ms. Allen's federally protected rights, and she is therefore entitled to punitive damages.

## **COUNT VII**

### **INVASION OF PRIVACY, INTRUSION UPON SECLUSION, AND PUBLIC DISCLOSURE OF PRIVATE FACTS**
### *(against Defendants Banks County and Moore)*

98.

Georgia law recognizes four types of the tort of invasion of privacy, including intrusion upon seclusion or solitude, or into a Plaintiff's private affairs, as well as public disclosure of private facts.

99.

Defendants are liable to Ms. Allen for their conduct in wrongfully disclosing and sharing her protected and private health and medical information with others who had no need or reason to know and without Ms. Allen's consent, which proximately caused her to suffer emotional distress, loss of enjoyment of life, injury to her professional reputation and ability to find other employment, and other indignities.

100.

Defendants' actions constitute a reckless, malicious, and knowing invasion of Ms. Allen's privacy, intrusion upon her seclusion and private affairs, and public disclosure of private facts that would be offensive to a reasonable person, thus giving rise to claims against Defendants for tortious invasion of privacy along with an award of punitive damages and attorney's fees under O.C.G.A. § 13-6-11.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands a **TRIAL BY JURY** and that the following relief be granted:

A.     That the Court take jurisdiction of this matter;

B.     That process be served;

C.     That the Court award Plaintiff her back pay and lost economic benefits of employment and front pay in an amount to be determined at the trial of this case;

D.     That the Court award compensatory damages in an amount to be determined by the trier of fact;

E.     That the Court award Plaintiff liquidated damages under the FMLA;

F.     That the Court award Plaintiff punitive damages against Defendant Moore in an amount to be determined by the trier of fact;

G.     That the Court award Plaintiff her costs of litigation in this action and her reasonable attorney's fees;

H.     That the Court grant to Plaintiff the right to have a trial by jury on all issues triable to a jury; and

I.      That the Court grant such additional relief as the Court deems proper and just.

Respectfully submitted this 9th day of May, 2016.

**BUCKLEY BEAL, LLP**

By:     */s/ Brian J. Sutherland*
Brian J. Sutherland
Georgia Bar No. 105408
bsutherland@buckleybeal.com
T. Brian Green
Georgia Bar No. 801098
bgreen@buckleybeal.com

Promenade, Suite 900
1230 Peachtree Street, NE
Atlanta, GA  30309
Telephone: (404) 781-1100
Facsimile:  (404) 781-1101

*Counsel for Plaintiff*