# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| JANDON ALLEN, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION |
| | ) FILE NO. 2:16-cv-00076-RWS |
| v. | ) |
| | ) |
| BANKS COUNTY, GEORGIA and | ) |
| DEIDRA MOORE, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DECLARATION OF BRIAN J. SUTHERLAND

1. My name is Brian J. Sutherland. I am 36 years old. All statements in this declaration are made based upon my personal knowledge and review of certain pleadings and documents which are identified and described below. I suffer from no legal disabilities.

2. I graduated from the University of Washington at Seattle *cum laude* with a B.A. in 2003. I received my J.D. degree *summa cum laude* from the Seattle University School of Law in 2006. At the time of graduation, I was ranked number four out of three hundred and forty-six students. I was also a Research and Technical Editor for the Seattle University Law Review, in which my student comment was published in the year of my graduation. *See* Brian J. Sutherland,

1

*Killing Jim Crow and Undead Nondelegation Doctrine*, 29 Seattle U. L. Rev. 917 (2006) (cited in *Moore v. Tangipahoa Parish Sch. Bd.*, No. 65-15556, 2008 WL 1930501 (E.D. La. Apr. 30, 2008)).

3.  I was admitted to practice in Washington State in 2006 and was admitted to practice in Georgia in 2008. I am admitted in good standing and have never been the subject of any disciplinary proceeding. I am also a member of the Atlanta Bar Association Labor and Employment Section and the Georgia Chapter of the National Employment Lawyers Association, and have served as a moderator or presenter at seminars for which continuing legal education credit was granted by the Georgia Bar Association for my presentation and prepared materials. I have also published other legal scholarship, including *Voting Rights Rollback: The Effect of* Buckhannon *on the Private Enforcement of Voting Rights*, 30 N.C. Cent. L. Rev. 267 (2008), and *The Patchwork of State and Federal Language Assistance for Minority Voters and a Proposal for Model State Legislation*, 65 N.Y.U. Ann. Surv. Am. L. 323 (2009). I am also the co-author of a forthcoming practice handbook entitled *Georgia Employment Law* to be published by Law Journal Press, a Division of ALM Media, LLC.

4.  I first practiced law in 2006 under Mr. Joaquin G. Avila, Esq., a nationally renowned voting rights expert who won victories on behalf of plaintiffs

2

in voting rights cases before the Supreme Court of the United States in *Lopez v. Monterey County*, 519 U.S. 9 (1996), and *Lopez v. Monterey County*, 525 U.S. 266 (1999). Thereafter, I served as a Staff Attorney for the national office of the American Civil Liberties Union Foundation in Atlanta, Georgia, from 2007 through 2009, and participated in successful voting rights litigation against the State of Alaska in *Nick v. Bethel*, No. 3:07-CV-0098 (D. Ala. 2008) and the State of Georgia in *Morales v. Handel*, No. 1:08-CV-3172 (N.D. Ga. 2008).

5.   I began practicing employment law in 2009 as a Trial Attorney for the United States Equal Employment Opportunity Commission in that agency's Miami District Office in Miami, Florida. I served in that capacity until 2012, at which time I returned to Atlanta as an associate for the law firm then known as Buckley & Klein, LLP. Buckley & Klein, LLP provided trial, litigation, arbitration, and mediation services related to labor and employment matters. Daniel Klein left the firm in February of 2013 and the firm was renamed The Buckley Law Firm, LLC. In 2015, our firm merged with The Beal Law Group to form Buckley Beal, LLP.

6.   I was named a partner of Buckley Beal, LLP in October of 2015. After Mr. Edward Buckley, Esq., I am the most senior partner in the firm's labor and employment practice section.

7. I have practiced law for over eleven years, with most of it concentrated in employment law. I currently maintain an active federal litigation practice which is focused primarily on employment law and civil rights cases. Over the years, I have represented well over two hundred fifty individuals in a variety of employment-related disputes, including claims for discrimination based on race, gender, national origin, and religion under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq., claims for disability discrimination and failure to accommodate in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101 et seq., claims for age discrimination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq., I have also represented numerous individuals in matters involving retaliation claims under these and other statutes, including the Georgia Whistleblower Act, O.C.G.A. § 45-1-4, and the federal False Claims Act, 31 U.S.C. §§ 3729 et seq. I have also handled cases under involving claims for wage and hour violations under the Fair Labor Standards Act, sexual harassment and other tort claims, and contract matters. I have tried three cases to verdict in Georgia, including two in this Court. I have also successfully represented clients on appeal to the United States Court of Appeals for the Eleventh Circuit. *See Thaxton-Brooks v. Baker*, 647 Fed. App'x. 996 (2016).

8. I have been selected as a "Rising Star" in employment litigation by Super Lawyers each year for the last three years.

9. Edward Buckley is one of the principals of our law firm and the Managing Partner of the Labor and Employment Section. He has practiced law for over 32 years, with most of it concentrated in employment law, and has been selected by his peers as a Super Lawyer for the past fourteen years. For all of those years, he has also been rated as one of the top 100 lawyers in Georgia and twice as one of the top ten. He has also been selected in the past several years to be named among Georgia Trend Magazine's "Legal Elite," and has been named by Chambers USA as a "Leading Business Lawyer." He is a pillar of the labor and employment bar in the State of Georgia. He routinely bills for his services as the rate of $525 per hour.

10. Timothy Brian Green is an associate at Buckley Beal, LLP and worked extensively on every phase of this case, including the trial. Mr. Green holds bachelor's degree and master's degree in theological studies from Emory University as well as a J.D. from that school. He has provided indispensable assistance in several matters in which we were successful on behalf of our clients. He is a dedicated and passionate advocate for them. Our firm bills his time at the rate of $325.00 per hour.

11. Jaime Duguay was an associate at Buckley Beal, LLP until 2015 and worked on this case in the early stages. She was named as a "Rising Star" by Super Lawyers in 2016 and 2018. She has practiced employment law since graduating from New York Law School in 2006. We billed her time at $350.00 per hour.

12. Greg Lash and Pam Rymin are certified paralegals in our firm, each with over 20 years of experience. Renee Ritterling is also a certified paralegal who was formerly employed with our firm. They are all concise in their work and trained to pay great attention to detail. Greg Lash worked extensively on this case from the beginning through all of the discovery and document production until trial. Pam Rymin also worked extensively on this case, devoting most of her time to the preparation and conduct of the trial. Ms. Rymin is an excellent paralegal and a seasoned trial veteran. We bill the time of all these paralegals $150.00 per hour. Ms. Rymin in particular was indispensable in the preparation of this case for trial and in its presentation at trial.

13. Our firm's law practice generally involves representation of employees, but that does not mean that all of our work is done on a contingent fee basis. Specifically, I provide consultation and representation to individuals who compensate me on an hourly basis, either at my full rate or a reduced hourly rate with a smaller contingency percentage. My normal and customary hourly rate is

$425, and I have collected that rate from clients for hourly work since at least 2017. My normal reduced hourly rate is between $200 and $250 per hour, depending upon the size of the contingency percentage. I have charged these rates to clients in Georgia, and in order to work on this case, I set other business aside.

      14.    My experience with individuals seeking representation in employment discrimination and retaliation cases demonstrates that those individuals face substantial difficulty in this community in securing competent counsel and would be unable to do so, in part, due to their lack of financial resources, without a contingent fee agreement. In this case our fee agreement is a contingent fee agreement. The case of *Jandon Allen v. Banks County and Deidra Moore* was not a desirable case because of the hotly contested facts, the need to present expert witness testimony, the difficulty of prevailing on facts that engender very strong feelings from people about the need for effective and responsive public safety services like that provided by the Plaintiff, and because all of these challenges meant that settlement before trial was very unlikely. Nonetheless, we took the case because we believed that Ms. Allen had been unlawfully discriminated against because of her disability, denied reasonable accommodation and medical leave to which she was entitled, and retaliated against for requesting the same. The suit, which was filed on April 21, 2016 (the EEOC Charge was filed July 1, 2014), became even less desirable to

maintain because it took over three years from the date suit was filed for it to be tried before a jury, and Mrs. Allen had to move out of state during the pendency of the litigation. During my work on this case, other hourly work as well as contingent fee work was set aside in order to prosecute this matter. In fact, the firm declined employment in other cases which would have compensated us more quickly in order to prosecute this case.

15. I view the outcome of this case as an excellent outcome in which the Plaintiff, Mrs. Allen, was the prevailing party and in which the relationship of the parties was changed forever. She won victory on all five counts that were submitted to the jury, and a jury of her peers determined definitively that Banks County discriminated against Mrs. Allen because of her disability and failed to accommodate her in violation of the Americans with Disabilities Act, interfered with her right to medical leave under the Family and Medical Leave Act of 1993, and retaliated against her in violation of both statutes.

16. All of the time our firm billed was, in my judgment, necessary to provide proper representation to Mrs. Allen. The time records attached are contemporaneous. The time was recorded at the time services were rendered and input into a computer program which maintains those records for our firm. I reviewed all the time billed for each lawyer in this firm carefully and removed time

which, in my billing judgment, was not necessary or was duplicative. Time records reflecting the time that I, my partners, our associates, and paralegals devoted to the representation of Plaintiff in this case are included with the records attached to this declaration and total $337,675.00. That time was absolutely necessary to prosecute this case and is a reasonable fee for successfully litigating and trying a hard fought employment discrimination and retaliation case in the metropolitan Atlanta area.

17. I believe I am competent to form an opinion concerning the range of rates and the fees available for employment related and civil rights litigation in federal district court in cases in Georgia. I have participated in the preparation of successful fee petitions filed in this Court, including petitions seeking reimbursement for my time, and have successful negotiated claims for disputed amounts of attorney's fees in many cases.

18. In my opinion, the rates charged for each lawyer and paralegal and the amount of time spent by our firm was reasonable and customary for the various specific tasks, and was reasonable and customary for the complexity of the issues involved in this litigation. I note that in reviewing our firm's fees, I exercised billing judgment and wrote off all time we felt was redundant or unnecessary in the prosecution of this case. This included exactly 37 hours of attorney and paralegal time spent preparing documents or exhibits for production, time spent carrying out

important tasks that may nevertheless have been able to be performed by clerical personnel if given proper instruction, time spent conducting legal research on relevant employment law matters, and drafting legal memoranda or other pleadings or papers that may have been able to be completed in less time. Although I think the time was reasonable before we reduced it in this matter, I think this reduction of time and of the fees that would otherwise be submitted is more than reasonable.

19.   I declare under penalty of perjury under the laws of the United States, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct and based on my knowledge, information, and belief, as well as my review of the aforementioned documents.

Executed this 20th day of August, 2018.

_____
Brian J. Sutherland