IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| JANDON ALLEN, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION NO. |
| | : 2:16-CV-0076-RWS |
| BANKS COUNTY, GEORGIA | : |
| and DEIDRA MOORE, | : |
| | : |
| Defendants. | : |

### **ORDER**

This case is before the Court on Plaintiff's Motion for Attorneys' Fees and Costs [124], Motion for Supplemental Attorneys' Fees and Costs [135], Motion for Ancillary Costs [125], and Motion for Liquidated damages [126]. After reviewing the record, the Court enters the following Order.

### **Background**

Plaintiff, Jandon Allen, was employed by Defendant Banks County as a 911 Emergency Operator from 2008 until she was terminated on April 22, 2014. (Doc. 5 ¶¶ 5, 16, 45). In this action, initiated on April 21, 2016, she asserted claims against Defendant Banks County for violations of the Family and Medical Leave Act ("FMLA") (Counts I, II); disability discrimination in

violation of the Americans with Disabilities Act of 1990, as amended ("ADA" or "ADAAA") (Count III); failure to accommodate in violation of the ADA (Count IV); retaliation in violation of the ADA (Count V); and prohibited disclosures under the ADA (Count VI). Plaintiff also asserted a state law claim for "invasion of privacy, intrusion upon seclusion, and public disclosure of private facts" against both Defendants, Banks County and Deidra Moore, the Director of Banks County E-911 and Emergency Management Agency Director (Count VII). Defendants filed an Answer on July 15, 2016 [11], and discovery proceeded. Plaintiff ultimately moved for summary judgment on her Count IV ADA failure to accommodate claim against Banks County, which was denied [72].

On July 23, 2018, the parties proceeded to trial on all claims. The jury returned a verdict for Plaintiff in the amount of $81,056.81 for damages to compensate for net loss of wages and benefits and $100,000.00 for damages to compensate for emotional pain and mental anguish. Plaintiff now seeks attorney's fees, costs, and liquidated damages as the prevailing party under the ADA, 42 U.S.C. §§ 12101, 12205, *et seq*., and the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601, *et seq*.

### Discussion

**I. Plaintiff's Motion for Attorneys' Fees and Costs [124]**

Plaintiff seeks fees and costs as the prevailing party under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, and the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601, *et seq.* Defendants do not dispute that Plaintiff is the prevailing party entitled to recover attorneys' fees and costs, but do dispute the accuracy and reasonableness of the hours claimed by counsel for Plaintiff, as well as the hourly rates claimed by Plaintiff's counsel. The Court will review the law governing the lodestar analysis of attorneys' fees and will then address each of Defendants' objections, in turn.

The starting point for calculating a reasonable attorneys' fee award is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The product of this formula is the "lodestar." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994).

A.   Hours Expended

Plaintiff, as the party seeking an award of fees here, bears the burden of

3

demonstrating the reasonableness of the attorney hours worked and the rates claimed. Hensley, 461 U.S. at 433. That burden includes:

> supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity. . . . A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case.

ACLU of Ga. v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999). Similarly, in opposing Plaintiff's fee application, Defendants have an obligation to make specific and "reasonably precise" objections and proof concerning hours they want excluded from any award. Yule v. Jones, 766 F.Supp.2d 1333, 1341 (N.D. Ga. 2010) (citing Hensley, 461 U.S. at 428).

In determining reasonable attorney hours and fees, the Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees." Norman v. Housing Auth., 836 F.2d 1292, 1303 (11th Cir. 1988). And the Court must bear in mind "that the measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed . . . not the least time in which it might

4

theoretically have been done." Id. at 1306.  The Court will now turn to Defendants' specific objections to the hours expended by Plaintiff's counsel.

### 1.  *Erroneous Billing Entry of May 3, 2017*

Plaintiff admits that a 10 hour entry on May 3, 2017, for attorney Sutherland to attend the depositions of Deidra Moore and Jimmy Hooper and travel to and from Gainesville was an error.  The 10 hours will be deducted from the fee request.

### 2.  *Unreasonable Duplication and Conferencing*

Defendants assert that Mr. Sutherland and Mr. Green included numerous billing entries for conferencing with each other.  Defendants assert that many of these hours reflect two lawyers performing the same task or time in which Mr. Sutherland was mentoring or training Mr. Green.  In either event, Defendants contend both lawyers should not be compensated for the entire time.

"There is nothing inherently unreasonable about a client having multiple attorneys." Norman, 836 F.2d at 1302. "An award for time spent for two or more attorneys is proper as long as it reflects the distinct contribution of each lawyer to the case and the customary practice of multiple-lawyer litigation."

5

Johnson v. Univ. College of Ala. in Birmingham, 706 F.2d 1205, 1208 (11th Cir. 1983). Plaintiff asserts that due to the substantial number of documents and the varied claims in the case, participation by multiple attorneys was warranted.

The Court has reviewed each of the time entries involving conferencing by the attorneys and finds that the following reductions are warranted on the grounds asserted by Defendants:

| | |
|---|---|
| 9/13/16 | .4 |
| 12/20 | .5 |
| 2/13/17 | 1.2 |
| 4/20/17 | 1.8 |
| 5/4/17 | .4 |
| 7/2/17 | <u>1.1</u> |
| Total | 5.4 hours |

### 3. *Defendants' Depositions*

Defendants object to two attorneys attending the depositions of Defendants which occurred on two separate days. Plaintiff argues that the attendance of two attorneys at the depositions was warranted to assist in organizing and presenting exhibits. Plaintiff also asserts that travel time is accurately stated and should be awarded.

The Court finds that the case was not so complex as to require two

6

attorneys at each deposition. The Court has a duty to assure that parties exercise billing judgment. "This must necessarily mean that the hours excluded are those that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." Norman, 836 F.2d at 1301. The Court finds that a reduction is warranted for the time charged for Defendants' depositions and will reduce the hours for Mr. Sutherland from 32 to 22 and for Mr. Green from 30 to 11.5.

### 4. *Preparation for Plaintiff's Trial Testimony*

Based on the billing entries used by Plaintiff, Defendants assert that Plaintiff seeks 30.2 hours for preparing outlines for Plaintiff's trial testimony and preparing Plaintiff to testify at trial. In her reply [Doc. No. 132], Plaintiff breaks down the actual time spent on preparation for Plaintiff's trial testimony which totals 22.5 hours. Defendants suggest that Plaintiff should be awarded 19.4 hours for this work. The Court finds that the hours requested by Plaintiff are reasonable and overrules Defendants' objection.

### 5. *Time Awaiting Verdict*

Defendants object to two attorneys charging time while awaiting the verdict in the case. As noted by counsel, the trial took place in Gainesville, not

7

AO 72A (Rev.8/82)

in Atlanta, where their office is located. Also, counsel were required to be available should questions arise from the jury during the deliberations. The Court overrules Defendants' objection to these charges.

B.     Hourly Rates

A reasonable hourly rate for an attorney is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Williams v. Bd. of Comm'rs of McIntosh Cty., 938 F. Supp. 852, 858 (S.D. Ga. 1996) (citing Blum v. Stenson, 465 U.S. 888 (1984)). In addition to evidence offered by parties, a court "may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Norman, 836 F.2d at 1303.

The Court finds Plaintiff has adequately supported the hourly rates sought and concludes that those hourly rates are reasonable. Defendants' objections to the hourly rates are overruled.

C.     Adjustments to the Lodestar

After calculating the lodestar, the court may adjust the amount upwards or downwards based on a number of factors, including the degree of the

8

plaintiff's success in the suit. Hensley, 461 U.S. at 435-36; Ass'n of Disabled Americans v. Neptune Designs, Inc., 469 F.3d 1357, 1359 (11th Cir. 2006). Defendants urge the Court to adjust the fees downward based on Plaintiff's unsuccessful state law claim and her unsuccessful motion for summary judgment.

As for the state law claim of invasion of privacy, Defendants were granted judgment as a matter of law at trial. Plaintiff asserts that evidence existed to support the claim, but admits that that evidence was not presented at trial. Plaintiff also asserts that the state law claim arose from a common core of facts as the violations of the ADA and the FMLA. Thus, much of the work on the state law claim supported the successful federal law claims. Asserting that the state law claim was a minor claim in the overall case, Plaintiff argues there should be no reduction based on the failure of that claim.

As for the unsuccessful motion for partial summary judgment, Plaintiff asserts that the work expended on that motion was utilized in the trial of the case. Also, Plaintiff points out that the motion was on a narrow issue and had a legitimate basis.

"Where a plaintiff has obtained excellent results, his attorney should

9

recover a full compensatory fee." Hensley, 461 U.S. at 435. "Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters." Id. Also, when a plaintiff's claims for relief "involve a common core of facts or will be based on related legal theories, [m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead, the District Court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." Id.

The Court finds that Plaintiff did obtain excellent results, and for the most part, is entitled to full compensation for her fees. However, the Court finds that some adjustment is warranted for the unsuccessful state law claim. It was not dependent on a common core of facts with the federal claims and involved work not properly attributable to those claims. Accordingly, the Court will reduce Mr. Sutherland's fees by 15 hours and Mr. Green's fees by 20 hours based on the unsuccessful state law claim. No reduction is warranted

based on the unsuccessful motion for partial summary judgment.

Based on the foregoing rulings, Plaintiff's Motion for Attorneys' Fees and Costs [124] is **GRANTED,** and Plaintiff is awarded attorneys' fees in the sum of $308,532.50.

## II. Plaintiff's Motion for Supplemental Attorneys' Fees and Costs [135]

On September 17, 2018, Plaintiff asked the Court for additional fees and expenses for the time her attorneys spent preparing the fee petitions in this lawsuit and the time that they spent responding to and drafting post-trial motions.  Defendants do not dispute that Plaintiff is entitled to these fees and expenses, but do object to the amount and argue that the motion is not timely. The Court finds that the filing of a supplemental motion for time spent preparing the initial motion is not improper and will, therefore, consider Plaintiff's supplemental motion.

Defendants object to the number of hours charged by Plaintiff, arguing that they are excessive.  Plaintiff asserts that reviewing numerous time entries required the time charged by counsel.  The Court finds the hours to be excessive and will reduce them accordingly.

Plaintiff's Motion for Supplemental Attorneys' Fees and Costs [Doc. No.

11

135] is therefore also **GRANTED**, and Plaintiff is awarded additional attorneys' fees of $21,510 and costs of $22.40.

### III. Plaintiff's Motion for Ancillary Costs [125]

Plaintiff also seeks expenses that are not taxable pursuant to 28 U.S.C. § 1920 but are reasonably expended "ancillary costs" in the amount of $17,629.14. Defendants agree that Plaintiff is entitled to such expenses and costs incurred "during the course of litigation which are normally billed to fee-paying clients," Johnson v. Mortham, 950 F. Supp. 1117, 1126 (M.D. Fla. 1996), but argue that Ms. Allen and her family's costs and expenses are not recoverable and requests a reduction of ancillary expenses in the amount of $3,056.21.

The ADA permits the Court, in its discretion, to award "litigation expenses" and "costs" to a prevailing party. 42 U.S.C. § 12205. Litigation expenses include reasonable out-of-pocket expenses that would normally be charged to a fees-paying client, such as expert witness fees, certain travel expenses, and the preparation of exhibits. See, e.g., Dowdell v. City of Apopka, Fla., 698 F.2d 1181 (11th Cir. 1983). "With the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses

12

incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under section 1988.[1]" Johnson v. University College of University of Alabama in Birmingham, 706 F.2d 1205, 1209–10 (11th Cir.1983)(internal quotations and citation omitted).

Plaintiff requests ancillary costs for "on-site trial graphics, the use of Legal Technology Services (which provided on-screen blow-ups of exhibits and highlighted important text), research, copy and facsimile charges, postage fees, courier fees, and travel expenses." (Pl.'s Mot. for Ancillary Expenses, Dkt. [125] at 5.). Defendants only object to the following requested expenses:

| Expense | Amount |
| --- | --- |
| Delta airfare for Ms. Jandon [Allen] | $462.00 |
| Delta airfare for Corey Allen and child | $994.00 |
| Uber for client during pre-trial prep from office to hotel | $19.82 |

---

[1] The legislative history of the ADA reflects that Congress intended § 12205 to "be interpreted in a manner consistent with the Civil Rights Attorney's Fees Act," 42 U.S.C. § 1988 ("§ 1988"). H.R. REP. No. 101—485, 101st Cong., 2d Sess., pt. 3, at 73 (1990).

| | |
|---|---|
| Hotel lodging for Ms. Allen in Atlanta for pre-trial preparation | $1,533.85 |
| Groceries for Ms. Allen during pre-trial preparation | $46.54 |

(Defs' Opp. to Pl's. Mot. for Ancillary Expenses, Dkt. [130] at 4-5.). Defendants argue these expenses are not recoverable because those are Ms. Allen and her family's personal costs, not the type of expenses incurred by an attorney. The Court agrees.

Under the plain language cited by both parties, the litigation expenses recoverable are limited to those "incurred during the course of litigation which are normally billed to fee-paying clients." Johnson, 950 F.Supp. at 1126. Travel and lodging expenses for the prevailing party herself and her family are not normally billed to fee-paying clients because they are the fee-paying clients. Further, nothing in the legislative history of § 12205 or § 1988 allows the award of expenses to a litigant in the case or her family members.

Perhaps the best support for the Court's reasoning can be found in the cases cited by Plaintiff in support of her request. Loewen v. Turnipseed, 505 F. Supp. 512 (N.D. Miss. 1980)(*attorney* travel expenses awarded; litigant

14

expenses expressly denied), Crowe v. Lucas, 479 F. Supp. 1258 (N.D. Miss. 1979) (*attorney* hotel and milage expenses awarded), and Armstrong v. Reed, 462 F. Supp. 496 (N.D. Miss. 1978) (*attorney* travel expenses awarded). Plaintiff has not presented any case in which travel expenses were awarded to the prevailing litigant from this circuit or the former Fifth Circuit.[2]  Thus, the litigation expenses of Ms. Allen and her child are not recoverable.

Plaintiff additionally argues the travel expenses for Corey Allen, Plaintiff's husband, are recoverable because Mr. Allen was on Plaintiff's witness list. (Proposed Pretrial Order, Dkt. [73-7] p.1.)  While "[i]t is within the discretion of a trial court to include in taxable costs the travel expenses of witnesses who come from outside the 100 mile range of subpoena power as established by Rule 45(e)," there is also the consideration of whether the

---

[2] In fact, the only helpful support for her argument is Laffey v. Nw. Airlines, Inc., 746 F.2d 4, 30 (D.C. Cir. 1984), overruled by Save Our Cumberland Mountains, Inc. v. Hodel, 857 F.2d 1516 (D.C. Cir. 1988). Plaintiff cited Chalmers v. City of Los Angeles, 796 F.2d 1205, 1216 (9th Cir. 1986), opinion amended on denial of reh'g, 808 F.2d 1373 (9th Cir. 1987), a Ninth Circuit case that does not clarify if the transportation costs awarded were for the attorney or the litigant. Chalmers does, however, cite Laffey, a D.C. Circuit case that expressly allowed recovery for a prevailing litigant's travel expenses. Laffey, however, was overruled in 1988, two years after Chalmers. Plaintiff has not provided any cases after 1988 in any circuit that allowed recovery for litigant travel expenses.

15

witness's testimony "was significant for trial." Hall v. Siemens VDO Auto. Elecs. Corp., 5:06-CV-1208-SLB, 2014 WL 1329553, at *3 (N.D. Ala. Mar. 31, 2014) (citing Fressell v. AT & T Techs., Inc., 103 F.R.D. 111, 116 (N.D. Ga. 1984)).

Here, Mr. Allen did travel the necessary distance but he did not testify at trial. While testimony at trial is not necessary for significance, it is a strong indicator. Dasher v. Mut. Life Ins. Co. of New York, 78 F.R.D. 142, 144 (S.D. Ga. 1978) (allowing recovery for a witness's travel even though he did not testify at trial when the witness possessed significant information but it developed at trial that his testimony was not necessary). Further, even on Plaintiff's witness list, Mr. Allen was listed as a witness who *may* be present at trial. (Proposed Pretrial Order, Dkt. [73-7] p.1.) Under these circumstances, the Court is not persuaded that Mr. Allen's testimony was significant. Therefore, the Court declines an award for Mr. Allen's litigation expenses as well.

Ultimately, "there must be some point at which a party, even a prevailing party under § 1988, must absorb at least some of his own costs." Loewen, 505 F. Supp. at 517 (N.D. Miss. 1980). The Court finds that the above-charted

16

litigation expenses are not recoverable, and Plaintiff's request for ancillary costs shall be reduced by $3,056.21. Accordingly, Plaintiff's Motion for Ancillary Costs [125] is **GRANTED**, and Plaintiff is awarded ancillary costs of $14,572.93.

**IV. Plaintiff's Motion for Liquidated Damages [126]**

Finally, Plaintiff moves for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), as a prevailing plaintiff under the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601 et seq. ("FMLA"). Under the FMLA, liquidated damages are awarded presumptively unless the employer demonstrates that its violation was in good faith and that it had a reasonable basis for believing that its conduct was not in violation of the FMLA. See 29 U.S.C. § 2617(a)(1)(A)(iii). Defendants argue that they reasonably believed in good faith that they did not violate the FMLA because they believed Ms. Allen rejected FMLA leave.

To avoid liquidated damages, Defendants must show that they acted *both* in good faith *and* that they reasonably believed that firing Ms. Allen did not violate the FMLA. Cooper v. Fulton Cty., Ga., 458 F.3d 1282, 1288 (11th Cir. 2006). "This burden is a difficult one to meet, as double damages are the norm,

single damages the exception." Lore v. Chase Manhattan Mortgage Corp., 1:04-CV-00204-LTW, 2008 WL 11320016, at *10 (N.D. Ga. Nov. 14, 2008) (quoting Reich v. S. New England Telecomms. Corp., 121 F.3d 58, 71 (2d Cir. 1997)).  Defendants here have not met that high burden.

A jury heard Defendants' arguments that their behavior was excused because Ms. Allen did not expressly invoke, or waived FMLA leave, and still found that Defendants violated the FMLA by firing Ms. Allen.  Defendants cannot recycle an argument rejected by the jury to escape the "otherwise mandatory call for liquidated damages." Lore, 2008 WL at *10.  There is ample evidence in the record that material members of Defendant Banks County's staff, namely Deidra Moore and Arlene Ivey, were familiar with the FMLA.  For example, Ms. Ivey knew that bipolar disorder was covered.  She and Ms. Moore also knew that under the FMLA, Ms. Allen had fifteen days to submit documentation of her illness.  But, Ms. Allen was terminated after only two days, while attempting to obtain the documentation, because Ms. Moore believed two days was enough time, not fifteen.  This example alone evidences that Defendants knew they were in violation of the FMLA.

Further, Defendants have not meaningfully distinguished Lore or

18

Cooper, nor have they cited to any cases denying liquidated damages where a jury rejected the employer's defense.  While Defendants may have acted in good faith, their actions were not reasonable given their disregard for the FMLA.  As such, Plaintiff is entitled to liquidated damages in an amount "equal to the compensation denied or lost to [Ms. Allen], plus interest, by reason of [Defendants'] violation of the statute." Id. (citing 29 U.S.C. § 2617(a)(1)(A)(iii)).  Plaintiff requests $81,056.81, an amount equal to the compensation denied to Ms. Allen, in liquidated damages.  Thus, Plaintiff's Motion for Liquidated Damages [126] is **GRANTED**, and Plaintiff is awarded $81,056.81 in liquidated damages.

### Conclusion

Based on the forgoing, Plaintiff is awarded $308,532.50 in attorney's fees [124], $21,510 in supplemental attorney's fees [135], $22.40 in supplemental costs [135], $14,572.93 in ancillary costs [125], and $81,056.81 in liquidated damages [126].

**SO ORDERED**, this 11th day of December, 2018.

_____
**RICHARD W. STORY**
United States District Judge

19